THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. PEDRO REMBERTO FAGOT, Defendant and Appellant.

No. CR-64-382.     Decided April 7, 1965.

*Pascual F. Lanauze* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM: An information was filed against Pedro Remberto Fagot and another person for illegally, wilfully, maliciously, and criminally, and acting in common and mutual agreement, "having as pure and intended for human consumption as such, cow milk adulterated with water artificially added." Evidence for the prosecution was presented and Fagot moved for peremptory acquittal on the ground that the information did not charge the commission of a public offense. The trial court dismissed the contention, convicted appellant, and sentenced him to pay a fine of $25.

Section 1 of Act No. 77 of August 12, 1925, which punishes the adulteration of milk, as amended by Act No. 77 of June 17, 1955, provides, in its relevant part, that every person who adulterates or dilutes milk, and every person who sells, offers, or keeps for sale milk so adulterated or diluted, or who transports or stores such milk to be used for human consumption . . . shall be guilty of a misdemeanor. In view of the provision of the original Act, essentially the same as the one copied above, we considered in *People* v. *Irizarry*, 54 P.R.R. 135 (1939), a complaint which charged the accused that he "illegally, voluntarily, and maliciously had or possessed for human consumption adulterated cow's milk." We held in said case that the complaint did not openly charge the commission of a public offense. We ratified that judgment in *People* v. *Zapata*, 54 P.R.R. 136 (1939). See: *People* v. *Arroyo* (Per Curiam), 61 *D.P.R.* 976 (1943), which follows *Irizarry*; *People* v. *Acosta*, 56 P.R.R. 132, 134 (1940); *People* v. *Reyes*, 56 P.R.R. 439 (1940); *People* v. *Almodóvar*, 56 P.R.R. 509 (1940); *People* v. *Palacios*, 66 P.R.R. 906, 907 (1947), where we said: "We agree with the Fiscal of this Court that § 1 of Act No. 77, Laws of Puerto Rico, 1925 (p. 558), provides for different ways in which

to commit a single crime. The Legislature was aiming at a single evil—human consumption of adulterated milk—when it made criminal the (1) adulteration, (2) sale, offering or keeping for sale, and (3) the transportation of adulterated milk to be used for human consumption. Each of these acts is therefore a different way of committing the crime established by § 1."

In *Martínez* v. *People of Porto Rico*, 46 F.2d 427 (1st Cir. 1931), the Circuit Court of Appeals for the First Circuit stated that the phrase of § 1 of Act No. 77 of 1925 "to be used for human consumption" qualifies each of the substantive acts, that is to say, (1) the sale, (2) offering or keeping for sale, and (3) transporting or storing.

Judgment will be reversed and appellant acquitted.